THE STATE OF OHIO, APPELLEE, *v.* GATES, APPELLANT.

(No. 81AP-620—Decided December 1, 1981.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*George C. Luther Co., L.P.A.,* and *Mr. George C. Luther,* for appellant.

NORRIS, J. Defendant appeals from his conviction for robbery following a trial by jury in the Court of Common Pleas of Franklin County. The issues raised by this appeal are whether attempted theft by threat may be a lesser included offense of robbery, and if so, whether, under the circumstances of this case, the trial court was required to instruct the jury on attempted theft by threat.

The robbery charge arose out of an incident in a convenience food store. One of the clerks testified that defendant entered the store, went back to the beer coolers, and then waited for other customers to leave; that she became suspicious and

took some money out of the cash register and began counting it in order that she might deposit it in the store safe; that, while she was counting the money, defendant approached with his right hand in the pocket of his overcoat and "aimed" at her head and said, "This is a stick-up"; that she opened the cash register and started taking the rest of the money out; that when the cash register drawer opened it activated a beeping sound, whereupon defendant said, "Baby, you didn't call the police," and at that point another clerk came up to defendant and asked, "What's going on?" and defendant responded, "Nothing's going on * * * I was just kidding her," apologized, and asked if he could purchase the beer he had brought to the counter and then leave; that she did not see a gun in defendant's possession; that she did not hand any money to defendant; and that he did not reach for any money.

The trial court declined to give the jury an instruction on attempted theft by threat when requested to do so by defense counsel.

Defendant raises one assignment of error:

"The trial court committed reversible error by failing to instruct the jury on the lesser included offense of attempted theft by threat."

Three sections of the Revised Code are relevant to our inquiry:

R.C. 2911.02 (robbery):

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, * * * shall use or threaten the immediate use of force against another."

R.C. 2913.02 (theft):

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"* * *

"(4) By threat."

R.C. 2923.02 (attempt):

"(A) No person, purposely or know-ingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."

Resolution of the issue raised by defendant's assignment of error requires a two-step analysis. First, we must determine if attempted theft by threat may be a lesser included offense of robbery. If it may not be, then the trial court could not instruct the jury on that offense since defendant was charged only with robbery. If, on the other hand, it may be a lesser included offense, then we must determine whether, under the facts of this case, the trial court was required to give the requested instruction.

An offense may be a lesser included offense of another only if (1) the offense is a crime of lesser degree than the other, (2) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed, and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, at 384 [18 O.O.3d 528].

It is undisputed that theft (R.C. 2913.02), at most a felony of the fourth degree, is a crime of a lesser degree than robbery (R.C. 2911.02), a felony of the second degree.

Attempted theft by threat does not contain any element which is not an element of robbery; therefore, a person could not be convicted of robbery (here attempting to commit a theft offense by threatening the immediate use of force) without attempted theft by threat also having been committed (here attempting to purposely deprive the owner of his property by knowingly attempting to obtain control over the property by threat). Attempted theft by threat consists entirely of some, but not of all, the elements of robbery — the use of force or the threatened use of immediate force are not elements of attempted theft by threat. See *State* v. *Merriweather* (1980), 64 Ohio

St. 2d 57 [18 O.O.3d 259]; *State* v. *Hreno* (1954), 162 Ohio St. 193 [55 O.O. 97].

Accordingly, we conclude that attempted theft by threat, as defined in R.C. 2913.02(A)(4) and 2923.02(A), may be a lesser included offense of robbery, as defined in R.C. 2911.02(A).

Having determined that attempted theft by threat may be a lesser included offense of robbery, we now must consider whether the trial court was required to give the requested instruction.

The mere fact that an offense can be a lesser included offense of another offense does not mean that a trial court must instruct on both offenses where the greater offense is charged. If the evidence adduced on behalf of the defense is such that, if accepted by the trier of fact, it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves, would sustain a conviction upon a lesser included offense. The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant. *State* v. *Wilkins, supra.*

In applying the foregoing rules, we must determine whether, under any reasonable view of the evidence in this case, it would be possible for the jury to find that defendant's conduct did not constitute a threat of the immediate use of force, but instead, amounted only to a threat of disagreeable consequences that did not involve the immediate use of force. We conclude that it would be possible for the jury, in viewing the evidence, to find that defendant conveyed to the clerk such a threat. It is not clear from the evidence that the clerk responded to defendant's conduct in a manner that was any more consistent with a threat of the use of immediate force than with a threat that did not involve the use of immediate force. She did say she was frightened, but that reaction would be consistent with the threat of some sanction that did not involve the immediate use of force as well as with a threat that did. After defendant told her "this is a stick-up," she looked at him, opened the cash register, and started taking the money from the register. This conduct would also be a response consistent with her having received either kind of threat; she may have perceived a show of force and been so intimidated by it that she was about to give him the money, or she may not have perceived a threat of the immediate use of force but was complying out of fear that otherwise something might happen to her or to her property. She did not see a gun. She did not hand defendant money, nor did he reach for any. The point is that, from the evidence, it is not clear that defendant conveyed to her a threat of the immediate use of force, and that, under one reasonable view of that evidence, it was possible for the jury to find defendant not guilty of threatening her with the immediate use of force, but instead, guilty of making a threat which did not involve the immediate use of force. Under these circumstances, the trial court was required to give the instruction on the lesser included offense.

The assignment of error is sustained, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed*
*and case remanded.*

WHITESIDE and REILLY, JJ., concur.