THE STATE OF OHIO, APPELLEE, *v.* MURPHY, APPELLANT.

(No. 82AP-1032—Decided May 26, 1983.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. James Kura,* county public defender, and *Mr. W. Curtis Stitt,* for appellant.

REILLY, J. Defendant, Zeta Murphy, was indicted for one count of breaking and entering (R.C. 2911.13). She was found guilty after a jury trial.

Defendant and her common-law husband, Demorris Winbush, arrived at the European Health Spa on Dublin Road, Columbus, Ohio, at approximately 9:30 p.m. on the evening the alleged offense occurred. Winbush operated his own janitorial service and testified that he was at the spa to submit a proposal for a cleaning contract.

Benjamin Foster, the manager of the spa, had informed Winbush by telephone earlier that day that he was not interested in his services. Nevertheless, Winbush testified that he went to the spa that night to attempt to sell Foster on his proposal for the cleaning services. The spa was still open when Winbush and defendant arrived, but both were aware that the spa closed at 10:00 p.m.

Defendant and Winbush had worked at different European Health Spas in Franklin County for several years. They were acquainted with the Dublin Road Spa and were aware of the business hours as well as the physical layout of the establishment. Winbush had a contract for cleaning services at the Graceland spa since May 1980, which had been terminated.

When defendant and Winbush arrived at the spa, Winbush spoke to the receptionist to inform her that he wanted to see Foster concerning a cleaning contract. The receptionist asked Winbush to wait, left, then returned and said Foster was busy with a client and could not see him at that time, but would see him later. Winbush testified that he told the receptionist he would proceed to draw up a proposal.

Allegedly, defendant was there to assist Winbush with the proposal, and they proceeded to inspect the premises for that purpose. When they came to the women's locker room area, Winbush sent defendant inside to make sure there were no women present so that he could go in and inspect the area for his proposal.

Steven Boganwright testified that about 11:30 p.m., while cleaning the showers, he heard noises from what he described as the vanity area. He went to see what caused the noise, and saw that a large potted plant which sat between two coin-operated hair dryers had been knocked over. He testified that one of the hair dryers had been completely removed from the wall and the other was hanging. He saw defendant hiding behind a wall. He further testified that she had a screwdriver in her hand. He said that she told him her husband was in the basement, and she began calling for him. Subsequently, he asked defendant and Winbush how they entered the building and Winbush showed him an electronic or computer key which resembled one used to open the Dublin road spa.

Boganwright further testified that defendant took the hair dryer she had wrapped in her coat and headed for the door. He said he grabbed the dryer and struggled with her for a few seconds. He allegedly took the dryer away from her as she walked out of the building.

John Boganwright testified that he worked as a custodian at the spa and that his brother, Steven, helped him part-time. He arrived at the spa around midnight that night and found Steven at the front door in a shaken condition. John noted that the hair dryer, which had been removed from the wall, a screwdriver and quarters were on the front mat. John called Foster and, subsequently, the police were summoned.

Defendant took the witness stand in her own defense and denied any criminal activity whatever. She stated that she did not have a screwdriver and that when she

entered the spa it was still open. She also testified that she helped her husband clean health spas and at the time of the alleged offense she was helping him with a proposal.

Defendant advances one assignment of error:

"The appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution was violated where the trial court erroneously refused to instruct the jury on the lesser included offense of trespass."

This court, in *State* v. *Gates* (1981), 2 Ohio App. 3d 485, included a two-step analysis concerning the trial court's requirement to charge on a lesser included offense, as follows, at page 486:

"* * * First, we must determine if attempted theft by threat may be a lesser included offense of robbery. If it may not be, then the trial court could not instruct the jury on that offense since defendant was charged only with robbery. If, on the other hand, it may be a lesser included offense, then we must determine whether, under the facts of this case, the trial court was required to give the requested instruction.

"An offense may be a lesser included offense of another only if (1) the offense is a crime of lesser degree than the other, (2) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed, and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, at 384 [18 O.O.3d 528]."

Criminal trespass, under R.C. 2911.21, is a lesser included offense of breaking and entering, under R.C. 2911.13. Criminal trespass is a crime of a lesser degree than breaking and entering; the crimes being a fourth degree misdemeanor and a fourth degree felony, respectively. Moreover, breaking and entering cannot be committed without a criminal trespass. Further, breaking and entering requires, in addition to the elements of trespass, "* * * force, stealth, or deception, * * * with purpose to commit therein any theft offense * * * or any felony," which element is not required in order to prove the lesser included offense of criminal trespass.

Specifically as to whether, under the facts of this case, the court was required to give the requested jury instruction, *Gates* states:

"The mere fact that an offense can be a lesser included offense of another offense does not mean that a trial court must instruct on both offenses where the greater offense is charged. If the evidence adduced on behalf of the defense is such that, if accepted by the trier of fact, it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense. The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant. *State* v. *Wilkins, supra.*" *Id.* at 487.

See, also, *State* v. *Loudermill* (1965), 2 Ohio St. 2d 79, 80 [31 O.O.2d 60], citing R.C. 2945.74.

The jury could have reasonably determined that defendant committed a trespass on the premises, but not with the intent to commit a theft or felony. Defendant denied having possession of a

screwdriver and attempting to remove the coin-operated hair dryers from the wall. Nevertheless, she was undoubtedly present in the women's locker room after the health spa had closed. The jury could conclude that the spa was lawfully restricted to certain people, such as club members and employees, and that defendant's presence after hours, for the purpose of conducting a janitorial inspection with her husband, was unauthorized. This would be especially pertinent considering that the spa manager was not interested in the janitorial service.

Therefore, in this case, a jury could have reasonably found defendant to be guilty of trespass, but not the greater offense of breaking and entering.

Hence, defendant's assignment of error is well-taken and is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and MOYER, JJ., concur.