DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brian Elliott, appeals from his convictions in the Elyria Municipal Court. This Court affirms.
 I. {¶ 2} On October 10, 2004, the North Ridgeville Police received a call from a woman, later identified as Appellant's ex-wife, informing them that Appellant's current wife may be driving drunk with children in her vehicle. The caller reported that Appellant's wife may be driving either a black passenger car or a Ford Explorer and that the car would be traveling from Avon to Appellant's residence at 5925 Sandlewood, in North Ridgeville. Officer Leroy Medina responded to the call and took up a position at an adjacent street where he waited for a vehicle matching the description given by the caller. Appellant's wife's Saturn Ion soon came into Officer Medina's view. Officer Medina followed the vehicle, activated his cruiser lights, and drove the cruiser to the end of Appellant's driveway. Officer Medina's dash camera recorded portions of the ensuing events.
 {¶ 3} Officer Medina then approached Appellant's wife and explained why he was there. He quickly determined that she did not appear to be intoxicated but he had not yet confirmed her identity. Immediately, Appellant exited his house and approached the vehicle. He then picked up one of his two children who was seated inside the vehicle. He proceeded to tell Officer Medina that he was "tired of this sh____." He demanded to know what Officer Medina was doing there. Appellant became increasingly agitated at the situation and began pointing his finger at the officer in a threatening manner. In response, Officer Medina instructed Appellant to calm down and asked him whether he wanted to go to jail. Within a few minutes of Appellant's arrival on the scene, Officer Medina attempted to place him under arrest, specifically advising him that he was "under arrest." Appellant then handed his child to his wife and walked quickly towards the officer while yelling that the officer should arrest him. Officer Medina repeatedly ordered Appellant to get on the ground, but Appellant would not comply. Officer Medina feared for his safety and sprayed Appellant with pepper spray in order to subdue him. He then attempted to handcuff Appellant, but Appellant resisted and ultimately caused the handcuffs to fly out of the officer's hands. Officer Medina also utilized a baton on Appellant to subdue him. Officer Medina finally handcuffed Appellant when a backup officer arrived on the scene. Appellant was finally placed under arrest several minutes after Officer Medina informed him that he was placing him under arrest.
 {¶ 4} Appellant was charged with obstructing official business, in violation of R.C. 2921.31, a felony of the fifth degree; disorderly conduct while intoxicated, in violation of R.C. 2917.11(B), a minor misdemeanor and resisting arrest, in violation of R.C. 2921.33(B), a misdemeanor of the first degree. Appellant's obstruction of official business charge was later amended to a first degree misdemeanor. Appellant pled "not guilty" to all charges. Appellant waived his right to a jury trial and his case then proceeded to a bench trial. Appellant made a motion for acquittal at the end of the prosecution's case and again at the close of all the evidence. Appellant was convicted on all counts. Appellant was sentenced to a term of sixty days imprisonment on the obstructing official business charge, with fifty-seven days suspended on the condition of good behavior for one year, and a fine of $250.00. Appellant was sentenced to a term of sixty days imprisonment on the resisting arrest charge, with fifty-seven days suspended on the condition of good behavior for one year, and a fine of $150.00. Appellant was fined $50.00, plus costs, on the disorderly conduct charge.
Appellant timely filed an appeal from the verdict, raising three assignments of error for our review. We have combined Appellant's assigned errors as they require the same standard of review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, AND IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND CRIMINAL RULE 29, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL ON THE CHARGE OF OBSTRUCTING OFFICIAL BUSINESS, WHERE THE EVIDENCE FAILED TO ESTABLISH ALL OF THE ELEMENTS OF THE OFFENSE, BEYOND A REASONABLE DOUBT."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, AND IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND CRIMINAL RULE 29, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL ON THE CHARGE OF RESISTING ARREST, WHERE THE EVIDENCE FAILED TO ESTABLISH ALL OF THE ELEMENTS OF THE OFFENSE, BEYOND A REASONABLE DOUBT."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, AND IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND CRIMINAL RULE 29, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL ON THE CHARGE OF DISORDERLY CONDUCT, WHERE THE EVIDENCE FAILED TO ESTABLISH ALL OF THE ELEMENTS OF THE OFFENSE, BEYOND A REASONABLE DOUBT."
 {¶ 5} In his three assignments of error, Appellant argues that insufficient evidence was produced to support his convictions for obstructing official business, disorderly conduct and resisting arrest. This Court disagrees.
 {¶ 6} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
Obstructing Official Business
 {¶ 7} Appellant was convicted of obstructing official business, in violation of R.C. 2921.31, which provides:
"(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
"(B) * * * If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree."
 {¶ 8} Appellant first contends that Officer Medina was not involved in a lawful investigatory stop of his wife and that the totality of the circumstances did not warrant the intrusion. However, we need not address Appellant's challenges to the investigatory stop as he waived these arguments when he failed to raise them in his motion to suppress. State v. McDonald (Apr. 24, 2001), 5th Dist. No. 2000-CA-51. at *2-3.
 {¶ 9} Appellant next contends that he was only questioning Officer Medina but did not verbally confront him at any time. Appellant admits to using profanity but contends that he did not do so with the purpose to obstruct Officer Medina in his lawful duties. We find no merit in this contention.
 {¶ 10} At trial, the State presented testimony from Officer Medina and played the recording from Officer Medina's dashboard camera. Officer Medina testified that he was in the process of investigating a possible drunk driving incident when Appellant stormed out of his house and began yelling at him. Officer Medina specifically testified that he had not confirmed Appellant's wife's identify when Appellant arrived at the scene and that he had not completed his investigation. As a result of Appellant's increasingly excitable behavior, repeated verbal assaults on Officer Medina and quick, aggressive movements towards him, Officer Medina deemed it necessary to arrest Appellant.
 {¶ 11} The court also heard testimony from Appellant and his wife that Appellant was not aggressive and was not intimidating Officer Medina in any way. However, we will not disturb the trial court's determinations regarding the witnesses' credibility as "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 12} Accordingly, we find that the State presented sufficient evidence that Officer Medina was in the process of investigating a possible drunk driving incident when Appellant came out of the house and interrupted the investigation. The State further presented evidence that Officer Medina feared for his own physical safety as a result of Appellant's aggressive behavior. After viewing the evidence in a light most favorable to the State, we find that sufficient evidence was presented to support convicting Appellant of obstructing official business.
Resisting Arrest
 {¶ 13} Appellant was also convicted of resisting arrest, in violation of R.C. 2921.33(B), which provides:
"No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer."
R.C. 2901.22(C) provides the following definition for "reckless" behavior:
"[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
 {¶ 14} Appellant argues that the evidence failed to establish that he recklessly or forcefully interfered with the arrest. He points to his testimony that he never took a swing at Officer Medina, did not attempt to flee the scene and did not threaten him. Appellant specifically contends that Officer Medina's testimony establishes that once Appellant cursed at him, he told Appellant he was under arrest. However, this contention is contrary to both Officer Medina's testimony and the audio from the dashboard recording. Officer Medina testified that when he attempted to arrest Appellant, Appellant became aggressive and instigated a physical struggle with him. According to the officer, Appellant quickly and aggressively walked towards him, prompting him to spray Appellant with pepper spray in an attempt to gain control of him. Appellant then refused to give Officer Medina his hands so that he could handcuff him and caused the handcuffs to fly away from the officer. Appellant admitted that he continued to struggle with Officer Medina as he tried to handcuff him. Ultimately, Officer Medina was unable to gain sufficient control of Appellant for several minutes and did not actually handcuff him until a second officer arrived on the scene to assist him.
 {¶ 15} The State presented sufficient evidence that Appellant physically struggled with Officer Medina for several minutes after he informed Appellant that he was under arrest. Although Appellant testified that he only acted defensively after he was sprayed with pepper spray, the dashboard recording provides evidence that Appellant was acting aggressively. Again, we will not disturb the trial court's determinations regarding the credibility of witnesses. DeHass, 10 Ohio St.2d at paragraph one of the syllabus. The judge heard testimony from both parties, reviewed the recording, and found Officer Medina's testimony more credible. Viewing the evidence in a light most favorable to the State, sufficient evidence was produced to support Appellant's conviction for resisting arrest.
Disorderly Conduct
 {¶ 16} In addition, Appellant was convicted of disorderly conduct while intoxicated, in violation of R.C. 2917.11(B), which states;
"No person, while voluntarily intoxicated, shall do either of the following:
"(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others;
"(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another."
 {¶ 17} There is no dispute that Appellant was intoxicated and that he was in the presence of at least two persons during the incident. Appellant testified that he had consumed six to eight beers between the hours of 11:00 a.m. and 7:00 p.m. The incident occurred less than two hours later. Appellant was standing outside of his house, in the presence of his wife, two children and Officer Medina. Eventually, several neighbors also came to the scene.
 {¶ 18} Appellant contends that his conviction for disorderly conduct is based only on a few statements containing profanity. He claims that these statements, which include "I'm tired of you fu____s coming out here", "arrest me dammit" and "s____" are not the type to invoke an immediate breach of the peace. Appellant additionally contends that the State failed to sufficiently demonstrate that he was intoxicated.
 {¶ 19} Upon review, we find that it was Appellant's conduct, and not the content of his speech, which resulted in his conviction. See State v. Semler (1993), 90 Ohio App.3d 369. This Court has previously upheld a conviction for disorderly conduct where the complainant testified that the defendant had approached her while shaking his fists in a "menacing" or "threatening" manner and making "unintelligible" noises.Cuyahoga Falls v. Bilder (Feb. 13, 2002), 9th Dist. No. 20795. Here, Appellant quickly moved towards the officer in an aggressive manner while belligerently shouting at him. Appellant then struggled with the officer as the officer repeatedly attempted to handcuff him. Appellant's conduct was so physically combative that the officer had to use both pepper spray and a baton to gain control of him.
 {¶ 20} In addition, the State established the intoxication element of the offense through Appellant's testimony that he had consumed six to eight beers in the hours preceding the encounter and through testimony from Officer Medina that Appellant's eyes appeared glassy and/or glazed over. See Columbus v. Klein (Nov. 21, 1985), 10th Dist. Nos. 85AP-526, 85AP-527, at *1 (finding that testimony from two bouncers and a police officer that defendant was intoxicated was sufficient to establish the voluntary intoxication element of disorderly conduct); State v.Broughton (1988), 51 Ohio App.3d 10, 12 (noting that R.C.2917.11(D) provides that, when to an ordinary observer another person appears to be intoxicated, the observer is entitled to conclude this other person is voluntarily intoxicated for purposes of R.C. 2917.11(B)).
 {¶ 21} Here, the State presented evidence that Appellant was repeatedly yelling profanities, aggressively moving towards Officer Medina, pointing and shaking his finger at Officer Medina in a threatening manner and struggling with him for several minutes as Officer Medina tried to subdue him. Viewing this evidence in a light most favorable to the State, sufficient evidence was produced to convict Appellant of disorderly conduct.
 {¶ 22} Accordingly, Appellant's convictions for obstructing official business, resisting arrest and disorderly conduct were each supported by sufficient evidence. Appellant's three assignments of error are overruled.
 III. {¶ 23} Appellant's three assignments of error are overruled, and the judgment of the Elyria Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Concurs.