DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, J.C. Devar Sanders, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On June 1, 2006, Akron Police Officers Evans and Hankins were on routine patrol when they noticed a blue Oldsmobile. The officers were stopped at a stop sign when they observed the Oldsmobile pull part way out of a parking lot, then stop and quickly reverse back into the lot. The officers followed the Oldsmobile into the lot where they spotted it and found its doors open. Appellant and another man were walking behind the vehicle. The officers yelled at the men *Page 2 
to stop, but both men ran. The officers chased the men and were able to force them to the ground and arrest them. Officer Evans identified Appellant as one of the men he observed behind the vehicle. He also noted a pair of winter gloves at Appellant's feet and a screwdriver that had fallen out of Appellant's pants while he was being arrested.
 {¶ 3} Officer Evans investigated the Oldsmobile and discovered that on May 25, 2006, it had been reported stolen from Cuyahoga Falls. The driver's side window was broken and the steering column was peeled. Upon arrest, Appellant and the other man had an argument about who was driving the Oldsmobile. Appellant admitted to the officers that he had been inside the car.
 {¶ 4} Appellant was indicted on one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree, one count of possession of criminal tools, in violation of R.C.2923.24, a felony of the fifth degree, and one count of obstructing official business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree. Appellant pled not guilty to the charges and on October 26, 2006 the matter proceeded to a jury trial. Appellant was found guilty on all charges and sentenced to 12 months incarceration on both the receiving stolen property and the possessing criminal tools charges, to run consecutively, and 90 days on the obstructing official business charge, to run concurrently with the other charges. Appellant timely appealed from his *Page 3 
convictions raising three assignments of error for our review. For ease of review, we have combined Appellant's assigned errors.
 II. ASSIGNMENT OF ERROR I "THERE WAS INSUFFICIENT EVIDENCE PRESENTED TO SUPPORT [APPELLANT'S] CONVICTION FOR POSSESSION OF CRIMINAL TOOLS, RECEIVING STOLEN PROPERTY AND OBSTRUCTING OFFICIAL BUSINESS."
 ASSIGNMENT OF ERROR II "[APPELLANT'S] CONVICTION FOR POSSESSION OF CRIMINAL TOOLS, RECEIVING STOLEN PROPERTY AND OBSTRUCTING OFFICIAL BUSINESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED TO [APPELLANT'S] PREJUDICE BY OVERRULING HIS CRIMINAL RULE 29 MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE AND AT THE CLOSE OF ALL EVIDENCE AS THE STATE OF THE EVIDENCE WAS SUCH THAT REASONABLE MINDS COULD NOT FIND [APPELLANT] GUILTY OF THE CRIMES HE WAS CHARGED WITH."
 {¶ 5} In his three assignments of error, Appellant contends that his convictions for possession of criminal tools, receiving stolen property and obstructing official business were based on insufficient evidence, against the manifest weight of the evidence, and that the trial court erred in overruling his Crim.R. 29 motion. *Page 4 
 {¶ 6} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that "reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 7} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390. Further,
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 8} Therefore, we will address Appellant's claims that his convictions were against the manifest weight of the evidence first, as it is dispositive of Appellant's claims of insufficiency.
 {¶ 9} When a defendant asserts that his conviction is against the manifest weight of the evidence, *Page 5 
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 10} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 11} We must first address the State's argument that Appellant's appeal regarding his misdemeanor conviction of obstructing official business is moot as he has already served his sentence. We do not agree. "An appeal from a misdemeanor conviction becomes moot when a defendant has voluntarily satisfied the judgment imposed upon him." (Emphasis sic.) State v. Tolbert, 9th Dist. No. 21203, 2003-Ohio-2160, at ¶ 6 citing State v. Golston (1994), 71 Ohio St.3d 224, 226 and State v.Wilson (1975), 41 Ohio St.2d 236, syllabus. On November, 28, 2006, Appellant moved the trial court to stay the execution of his sentence, which the trial court denied. As such, we cannot say that Appellant has voluntarily served his sentence. See Cincinnati v. Baarlaer (1996),115 Ohio App.3d 521, 524 citing State v. Harris (1996), 109 Ohio App.3d 873,875; State v. Benson (1986), 29 Ohio App.3d 109, 109. Accordingly, the appeal is not moot, and we will proceed to address Appellant's argument on the merits. *Page 6 
R.C. 2923.24(A): Possession of Criminal Tools {¶ 12} In the present case, Appellant was found with a screwdriver. He challenges his conviction for possession of criminal tools, contending there was no evidence to show he actually possessed the screwdriver and that even if he possessed the screwdriver, there was no evidence showing how it was criminally used. We do not agree with this contention.
 {¶ 13} To establish that Appellant was in possession of a criminal tool, the State was required to establish that he possessed or had under his control an item, with the purpose of using it criminally. R.C.2923.24(A). The State presents prima facie evidence of criminal purpose if it provides evidence that an item is "commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use." R.C. 2923.24(B)(3). "If such evidence is presented and believed, it is sufficient to establish guilt unless it is rebutted or proven to the contrary." State v. Castle (Oct. 6, 1999), 9th Dist. No. 19324, at *8, citing State v. Cummings (1971), 25 Ohio St.2d 219, paragraph one of the syllabus.
 {¶ 14} "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." R.C. 2901.21(D)(1).
 {¶ 15} Officer Evans testified that Appellant "was placed in handcuffs, and as I stood him up a screwdriver then fell out of the front waistband of his pants." *Page 7 
The jury was free to believe that Appellant knew and had control of the screwdriver when he placed it in the waistband of his pants. Officer Evans further testified that "[t]ypically, in stolen automobiles [screwdrivers are] used to pop the ignition out of the cars. They're also used to peel the columns. This screwdriver, itself, has all the markings of that. The entire tip of that is gouged where it had been used to pry something, or pry on something." The testimony presented at trial clearly "established that screwdrivers are commonly used for criminal purposes", particularly to start stolen vehicles.Castle, supra, at *9. Officer Evans' testimony also established that the circumstances indicated that the screwdriver was intended for criminal use. Specifically, Officer Evans testified that the Oldsmobile's driver's side window was broken out, with shattered glass on the seat and floorboard and that "the ignition and the column were both busted and peeled[.]" Officer Evans stated that there were no ignition keys found at the scene. It was not against the manifest weight of the evidence for the jury to accept that this prima facie evidence of guilt established beyond a reasonable doubt that Appellant had a criminal purpose in possessing the screwdriver.
R.C. 2913.5UA): Receiving Stolen Property {¶ 16} R.C. 2913.51(A) states that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." *Page 8 
 {¶ 17} Appellant contends that the evidence did not prove that he was inside the vehicle; however, this Court finds this argument in conflict with the recorded testimony of Officer Evans. Our review of the record shows that when asked if Appellant stated that he was in the vehicle, Officer Evans testified that "[a]fter he was advised that the vehicle was stolen, he continued to state that he was not driving the vehicle; however, he was inside the vehicle." We read this statement as an admission by Appellant to Officer Evans that he was, indeed, inside the vehicle. Further, Officer Evans testified on re-direct examination that "[b]oth of them, including the other suspect that he was with, admitted to being in the car." Even if Appellant was not driving the vehicle, we find that the jury could easily have believed that the shattered driver's side window, the busted and peeled ignition and column, and the lack of an ignition key created reasonable cause for Appellant to believe that the other man was not lawfully in possession of the vehicle. See Castle, supra at *8. Further, when approached by the officers, Appellant and the other man ran when they were asked to stop. Coupled with the fact that Appellant was in possession of a screwdriver, a tool commonly used for criminal purposes, specifically to start stolen vehicles, Appellant's conviction for receiving stolen property was not against the manifest weight of the evidence.
R.C. 2921.31(A): Obstructing Official Business {¶ 18} To sustain a conviction for obstructing official business, the State had to prove that Appellant, "without privilege to do so and with purpose to *Page 9 
prevent, obstruct, or delay the performance, by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." R.C. 2921.31(A).
 {¶ 19} Officer Evans testified that his investigation of the incident at issue was hampered by "the fact that [Appellant] ran when [he] was asked to stop, attempted to allude us by reversing into the parking lot when they observed the cruiser, fled on foot."
 {¶ 20} Appellant first contends that he was privileged to run from the officers as the officers were not involved in a lawful investigatory stop of Appellant and that the officers did not have a reasonable, articulable suspicion that criminal activity was afoot. See NorthRidgeville v. Elliott, 9th Dist. Nos. 05CA008686, 05CA008687,2006-Ohio-3332, at ¶ 8. Rather, Appellant argues that the officers were attempting to engage him in a consensual encounter, during which Appellant was free to walk away. An investigative stop must be limited in duration and scope and can last only as long as is necessary for an officer to confirm or dispel his suspicions that criminal activity is afoot. Florida v. Royer (1982), 460 U.S. 491, 500. An officer may perform an investigatory detention if the officer has a reasonable, articulable suspicion of criminal activity. Terry v. Ohio (1968),392 U.S. 1, 21. However, "we need not address Appellant's challenges to the investigatory stop as he waived these arguments when he failed *Page 10 
to raise them" below, either at trial or in a motion to suppress.Elliott, supra, at ¶ 8, citing State v. McDonald (Apr. 24, 2001), 5th Dist. No. 2000-CA-51, at *2-3.
 {¶ 21} The affirmative act of running from an officer impedes or hinders the performance of an officer's lawful duty. See State v.Brickner-Latham, 3rd Dist. No. 13-05-26, 2006-Ohio-609, at ¶ 27. Officer Evans testified that he exited from the passenger's side of a marked patrol car when he shouted at Appellant to stop. The jury could find from Officer Evans testimony that Appellant "turned and immediately started running behind the apartment building[,]" that Appellant was obstructing Officer Evans' official business to investigate what he deemed to be suspicious behavior of the Oldsmobile. Given the testimony, this is not a case where the evidence weighs heavily in favor of Appellant, meriting a new trial. Therefore, Appellant's conviction was not against the manifest weight of the evidence. As this Court has disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency on these claims.Roberts, supra, at *5. Accordingly, Appellant's assignments of error are overruled.
 III. {¶ 22} Appellant's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARLA MOORE
FOR THE COURT
CARR, J.
WHITMORE, P. J.
 CONCUR *Page 1