OPINION *Page 2 
{¶ 1} Defendant-appellant, Earl Wolford (hereinafter "Wolford"), appeals the judgment of the Marysville Municipal Court, Union County. For the reasons that follow, we reverse.
 {¶ 2} On January 6, 2006, at approximately 8:00 p.m., an unfamiliar vehicle pulled into Wolford's driveway and drove towards Wolford's home and garage. Wolford yelled towards the vehicle, and the vehicle did not respond. Wolford used the firearm that he carried and shot a warning shot into the air. The vehicle did not move, so Wolford shot another warning shot into the air. The vehicle moved away from Wolford's house and toward the street; however, according to Wolford, the vehicle hesitated so he fired another shot into the air. The vehicle sped out of Wolford's driveway and back onto the street.
 {¶ 3} Wolford owned a home-based business and had had numerous instances of vandalism and theft in the past. There were three "no trespassing signs" posted on Wolford's property.
 {¶ 4} Later, according to Wolford, a vehicle came "flying into" his driveway. The vehicle contained Ashley Woodrum, the individual who had been in the unknown vehicle, and Terry Farmer, the father of Woodrum's boyfriend. Farmer confronted Wolford regarding the previous incident. *Page 3 
 {¶ 5} On January 27, 2006, a criminal complaint was filed charging Wolford with aggravated menacing, in violation of R.C. 2903.21, a first degree misdemeanor.
 {¶ 6} On April 28, 2006, a jury trial was held, and the jury found Wolford guilty of aggravated menacing. The trial court then sentenced Wolford to 90 days in jail with 80 days suspended; probation for three years; anger management counseling; a fine of $1,000 with $500 suspended; and court costs.
 {¶ 7} On May 12, 2006, Wolford filed a motion for new trial under Crim.R.33 and a motion for acquittal under Crim.R. 29(C). Wolford filed a motion for stay of judgment on June 9, 2006. A hearing was held on the motions for a new trial and for acquittal. On January 24, 2007, the trial court overruled the motion for a new trial, motion for acquittal, and the motion for stay of judgment.
 {¶ 8} It is from this judgment that Wolford appeals and asserts five assignments of error for our review. For clarity of analysis, we will address the assignments of error out of the order presented in Wolford's brief.
 ASSIGNMENT OF ERROR NO. IV THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S MOTIONS FOR ACQUITTAL AND A NEW TRIAL BECAUSE SUCH RULING WAS CONTRARY TO LAW *Page 4 
 {¶ 9} In his fourth assignment of error, Wolford maintains that the trial court erred in finding that he does not have the right to appeal since he had voluntarily paid his fine and did not offer evidence of a collateral disability.
 {¶ 10} The Ohio Supreme Court has held "`[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.'" State v. Berndt (1987),29 Ohio St.3d 3, 4, 504 N.E.2d 712, quoting State v. Wilson (1975),41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus. The defendant has the burden of "presenting evidence that he has a `substantial stake in the judgment of conviction.'" Id., quoting Wilson, 41 Ohio St.2d at 237.
 {¶ 11} "`An appeal from a misdemeanor conviction becomes moot when a defendant has voluntarily satisfied the judgment imposed upon him.'"State v. Sanders, 9th Dist. No. 23504, 2007-Ohio-2898, ¶ 11, quotingState v. Tolbert, 9th Dist. No. 21203, 2003-Ohio-2160, at ¶ 6, citations omitted. In Sanders, the Ninth District found that since the appellant moved the trial court for a stay of execution of the sentence and the trial court denied the motion, the court could not say that the appellant voluntarily served his sentence; and thus, the appeal was not moot. Id., citations omitted. Similarly, we find that Wolford's appeal is not moot. *Page 5 
 {¶ 12} Wolford filed his motion to stay the judgment on June 9, 2006. The trial court subsequently overruled the motion for stay of judgment on January 24, 2007. In that judgment entry, the trial court stated that Wolford paid the fines and costs in full on June 29, 2006, and that no evidence or arguments regarding the collateral effect of his conviction were presented. The trial court's sentencing entry filed on April 28, 2006, stated that the fines and court costs were due by June 30, 2006.
 {¶ 13} Similar to the court in Sanders, we find that since Wolford filed a motion for a stay of judgment with the trial court and the motion was denied, Wolford did not voluntarily pay his fines. Moreover, Wolford was subject to three years of probation and there is no indication in the record that the probation has been completed. Accordingly, we hold that Wolford's appeal is not moot.
 {¶ 14} Wolford's fourth assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT'S INCORRECT AND IMPROPERY [SIC] JURY INSTRUCTION CONSTITUTED REVERSIBLE PLAIN ERROR.
 {¶ 15} In his first assignment of error, Wolford argues that aggravated menacing requires that he knowingly caused another to believe that the offender will cause "serious physical harm"; however, the trial court instructed the jury on the definition of "physical harm" rather than "serious physical harm." In addition, *Page 6 
Wolford argues that the trial court incorrectly defined the term "cause" for the offense of aggravated menacing. According to Wolford, the cause element in aggravated menacing is that the defendant caused another to believe that serious physical harm is pending; however, the jury instructions stated that the defendant caused actual physical harm. Wolford maintains that the mistaken jury instructions constitute plain error, and thus, the conviction must be reversed.
 {¶ 16} Crim.R. 30(A) provides in pertinent part, "[o]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." The failure to object to jury instructions constitutes a waiver of that issue absent plain error.State v. Bridge, 3d Dist. No. 1-06-30, 2007-Ohio-1764, ¶ 19, citingState v. Underwood (1983), 3 Ohio St.3d 12, 13.
 {¶ 17} In the present case, Wolford did not object to the jury instructions at trial. Thus, we will review the trial court's jury instructions under the plain error standard. "Under the plain error standard, the appellant must demonstrate that, but for the error, the outcome of his trial would clearly have been different." Id. at ¶ 20, citations omitted.
 {¶ 18} Wolford was convicted of aggravated menacing under R.C.2903.21, which provides: "(A) No person shall knowingly cause another tobelieve that the *Page 7 
offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." (Emphasis added).
 {¶ 19} In the present case, both the oral and written jury instructions defined the term "physical harm" rather than "serious physical harm." The jury instructions state: "`Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." Whereas, "serious physical harm to persons" is defined under R.C. 2901.01(A), which provides:
 (5) "Serious physical harm to persons" means any of the following:
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain. *Page 8 
 {¶ 20} "Serious physical harm" is an element of aggravated menacing under R.C. 2903.21, and the meaning of the term "serious physical harm" is clearly different from the definition of "physical harm." Thus, the trial court clearly erred in instructing the jury on the definition of "physical harm" rather than "serious physical harm." However, the failure of the trial court to "properly instruct the jury on a material element of an offense is not, per se, grounds for reversal." State v.Hover, 12th Dist. No. CA2004-12-150, 2005-Ohio-5897, ¶ 42, citations omitted.
 {¶ 21} In Hover, the defendant was convicted for receiving stolen property, in violation of R.C. 2913.51(A). Id. at ¶ 1. The Twelfth District found that the trial court's jury instruction of the term "knowingly," significantly deviated from the OJI definition of "knowingly." Id. at ¶ 28. In that case, the Twelfth District determined that the erroneous instruction constituted plain error as the case came down to credibility, and the erroneous jury instruction "substantially lowered the state's burden of proof on that element." Id. at ¶¶ 42-43.
 {¶ 22} Similarly, we find that the trial court's erroneous definition of "physical harm" rather than "serious physical harm" substantially lowered the prosecution's burden of proof. See Id. The term "physical harm" refers to "any injury, illness, or other physiological impairment,regardless of its gravity or duration." R.C. 2901.01(A)(3), emphasis added. However, "serious physical *Page 9 
harm" requires a significantly more serious injury. Accordingly, we hold that the trial court erroneously defining "physical harm" instead of "serious physical harm" constituted plain error.
 {¶ 23} Since we have found that the trial court's error in instructing the jury on the definition of "physical harm" rather than "serious physical harm" constituted plain error, we need not address Wolford's argument regarding the jury instructions on the cause element.
 {¶ 24} Wolford's first assignment of error is, therefore, sustained.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED AS A MATTER OF LAW BY ACCEPTING THE JURY'S VERDICT OF GUILTY FOR APPELLANT BECAUSE SUCH VERDICT WAS BASED ON INSUFFICIENT EVIDENCE.
 ASSIGNMENT OF ERROR NO. III THE TRIAL COURT ERRED AS A MATTER OF LAW BY ACCEPTING THE JURY'S VERDICT OF GUILTY FOR APPELLANT BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. V THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S MOTIONS FOR ACQUITTAL AND A NEW TRIAL BECAUSE SUCH RULING WAS ARBITRARY AND UNREASONABLE, AND THUS AN ABUSE OF DISCRETION. *Page 10 
 {¶ 25} Based on our disposition of Wolford's first and fourth assignments of error, we find that Wolford's remaining assignments of error have been rendered moot.
 {¶ 26} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1