THE STATE OF OHIO, APPELLEE, *v.* ANDERSON, APPELLANT.

(No. C-800104—Decided February 4, 1981.)

Mr. Simon L. Leis, Jr., prosecuting attorney, Mr. Robert Ruehlman and Ms. Henrietta M. Bain, for appellee.

Lieser, Issenmann & Clark Co., L.P.A., and Mr. John K. Issenmann, for appellant.

Per Curiam. This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

In his two assignments of error, defendant-appellant, Clarence Anderson, contends that his conviction of possessing criminal tools in violation of R.C. 2923.24[1] was contrary to the manifest weight of the evidence because the state failed to prove intent to use the two tire irons criminally, and that he should have been acquitted of two counts of theft (R.C. 2913.02) and of one count of receiving stolen property (R.C. 2913.51) because the evidence was insufficient to sustain convictions of those offenses. We find merit in the first assignment of error but not in the second.

Defendant was jointly indicted with Leroy Pearson but he was tried alone because Pearson pleaded guilty to two counts of the four-count indictment in exchange for discharge from the other counts.

The evidence relevant to the first assignment of error is summarized as follows. The two defendants were observed by an off-duty Cincinnati police officer as they stood in front of Pearson's automobile, parked in the downtown area with the hood raised as though disabled. As the officer drove on past the vehicle, one of them proceeded to an underground public garage in the immediate vicinity of the parked car. Suspecting that they were engaged in criminal activity, the officer proceeded to the nearest available telephone, advised the police dispatcher and then returned within five minutes to the parked car. He then saw both men emerging from the garage carrying wheel covers in their hands and arms. They placed the wheel covers in the vehicle and drove away. Two uniformed officers, who arrived within minutes, were directed by the off-duty officer to follow the fleeing car, which they did. The wheel covers were found on the rear seat of the car and near them was a tire iron; partially under the driver's seat was another tire iron. The off-duty officer had not seen either tire iron in the hands of, or on the persons of, the suspects at any time.

---

[1] R.C. 2923.24 reads as follows:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

"(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating such dangerous ordnance, materials, or parts are intended for legitimate use;

"(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use.

"(C) Whoever violates this section is guilty of possessing criminal tools, a felony of the fourth degree."

We hold that the evidence was not sufficient to permit reasonable minds to conclude beyond a reasonable doubt that the tire irons were possessed with purpose to use them criminally, and that the defendant's motion to acquit under Crim. R. 29 should have been granted as to the count charging possession of criminal tools.

The tire irons were found where one would normally expect to find them — in an automobile. They are not instruments commonly used for criminal purposes and thus they were not, under R.C. 2923.-24(B)(3), prima facie evidence of criminal purpose. Thus, the element of criminal purpose had to be proved without benefit of the statutory inference.

If the defendant or co-defendant or both had been seen using the tire irons to remove the wheel covers or carrying the tire irons to or from the scene of the theft, we would have a different case. Or if, as in *State* v. *Owensby* (Butler Cty. Ct. of Appeals No. CA76-01-0007, June 15, 1977), unreported, the state had offered expert testimony that these specific tools had in fact been used to remove the wheel covers found in their possession, we again would reach a different result. But the evidence *sub judice* is otherwise. It raises a suspicion that the tire irons might have been used with criminal intent because a tool of some sort had to be used to remove the wheel covers; but a mere suspicion is not enough. The evidence is insufficient to permit reasonable minds to conclude beyond a reasonable doubt that the tire irons were in fact possessed for the purpose to use them criminally. The circumstances here are substantially similar to those found in *State* v. *Alfarano* (Hamilton Cty. Ct. of Appeals No. C-780523, May 23, 1979), unreported, in which case we sustained the sixth assignment of error because the evidence failed to prove that the gloves, jackets and screwdrivers found in the suspect's car were intended for criminal use. The first assignment of error has merit.[2]

The second assignment of error asserts that the evidence was not sufficient to support the defendant's conviction of theft and receiving stolen property, claiming that the testimony of state witnesses was confused as to the time of the theft and insufficient as to the identification of the wheel covers. Our review of the record discloses routine discrepancies in the testimony about time that fail to rise to the level of prejudicial error, and sufficient testimony about the precise identification of the wheel covers to present a jury question. The second assignment of error lacks merit.

We reverse the conviction for possessing criminal tools in violation of R.C. 2923.24 and discharge defendant from this count of the indictment. In all other respects, we affirm the conviction and judgment below.

*Judgment accordingly.*

CASTLE, P. J., PALMER and BLACK, JJ., concur.

---

[2] Because we reverse the conviction of possessing criminal tools by reason of the state's failure to prove purpose, we do not reach, and do not decide, the question of whether theft of wheel covers and possession of the tool used to accomplish the theft are two allied offenses of similar import under R.C. 2941.25, of which the defendant could be charged with both but convicted of only one.