[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
Appellant, Dana L. Sanders, was convicted of possessing criminal tools, retaining stolen property, breaking and entering, vandalizing property, and violating a recognizance bond. The conviction occurred following a jury trial in the Lucas County Court of Common Pleas. Because we conclude that the jury's verdict was supported by the evidence, we affirm.
In April 1996, two maintenance employees at the Owens-Illinois Building in Toledo set up an informal surveillance from the building's twenty-ninth floor. The two were hoping to catch the person or persons who had been regularly breaking into the co-workers' cars parked on streets and nearby parking lots.
On April 29, the two, watching with binoculars and a telescope, observed a man break the window of a green minivan and take something from inside. One of these observers called the police, but the man was gone by the time they arrived.
The next day the two observed the same man break the window of a gray minivan and remove a box from the car. This time the Owens-Illinois workers kept the subject in sight as they communicated with police. They directed police to the individual as he walked away from the crime scene.
Through the directions of the O-I building observers, police stopped appellant. Appellant's hand was bleeding, he had a screwdriver in his right pants pocket, and was carrying a box containing a set of drinking glasses. The owner of the gray minivan later identified the box with the drinking glasses as his. Appellant was arrested and later indicted for two counts of theft, retaining stolen property with two prior convictions, and possession of criminal tools.
Appellant was arraigned on July 2, 1996, pled not guilty, and was released on his own recognizance. The own recognizance bond was continued following a July 22, 1996 pre-trial hearing with a trial date set for August 26, 1996.
In June 1996, a construction company renovating a nine-story building a few blocks from the Owens-Illinois building was subjected to several break-ins with accompanying theft and vandalism. In an attempt to apprehend the person responsible, the construction company hired a security firm which installed a videotaping system in the building's construction office. On the weekend of June 29, 1996, the building was again broken into and considerable damage was done to the contractor's tools. When security officers reviewed the videotape for the weekend, they found images of a man resembling appellant in the construction office. Appellant was indicted for breaking and entering and vandalism.
When appellant failed to appear for his August 26, 1996 trial on the first charges, he was then indicted for failure to appear after release on his own recognizance in violation of R.C.2937.29 and 2937.99(A).
All the charges were consolidated with one of the theft offenses being dismissed prior to trial. At trial, the Owens-Illinois maintenance workers identified appellant as the man they saw break the windows of the two minivans on consecutive days. Police testified to finding appellant with the box of glasses and the screwdriver. The owner of the gray minivan identified the glasses as having been taken from his car.
Concerning the breaking and entering and vandalism charges, the state introduced the videotape of appellant in the construction office. Testimony was introduced from a bartender who reported appellant had tried to sell items he said he had taken from the construction site, including a telephone labeled property of "Macy's"; Macy's was the prior owner of the building. On the recognizance bond violation, the state called the court's criminal bailiff who testified that appellant was present in open court when he was informed that his trial date was August 26, 1996. In defense of this count, appellant introduced a copy of a pre-trial services form labeled "own recognizance bond form" which listed appellant's next court appearance as "8-27-97." This document was hand written on NCR paper and marked "Duplicate." When questioned about this, the criminal bailiff testified that appellant had made no appearance on August 27 either.
The matter was submitted to the jury which acquitted appellant on the theft charge arising from the green minivan incident, but convicted him of all other counts. The court entered judgment on the verdict and sentenced appellant. Appellant now appeals his convictions and sentence, setting forth the following three assignments of error:
 "I. JURY VERDICT FOR THE OR VIOLATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
 "II. DEFENDANT'S CONVICTION OF POSSESSING CRIMINAL TOOLS WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE
 "III. THE JURY CONVICTIONS FOR RECEIVING STOLEN PROPERTY AND VANDALISM WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 I.
Citing State v. Glover (1976), 52 Ohio App.2d 35, appellant insists that there must be evidence that appellant knew or should have known his trial date before he may be convicted of a recognizance bond violation. Additionally, appellant contends,State v. Kulig (1974), 37 Ohio St.2d 157, requires that when evidence that a defendant knew his trial date is only circumstantial, the evidence is insufficient to sustain a conviction. Consequently, appellant argues, we must conclude that the evidence was insufficient to sustain his conviction for the recognizance bond violation.
State v. Kulig was expressly overruled by the Supreme Court of Ohio in State v. Jenks, supra, at paragraph one of the syllabus. Circumstantial evidence is now treated no differently than any other type of evidence. Here, the bailiff testified that appellant was present in open court when his trial date was set. No evidence was presented that appellant relied on the erroneous date on the duplicate bond form. In our view, the jury had sufficient evidence, in accord with the standards set forth inJenks, to convict appellant.
Accordingly, appellant's first assignment of error is found not well-taken.
 II.
In his second assignment of error, appellant argues that the screwdriver which was the basis of his possession of criminal tools conviction was not specifically designed or adapted for a criminal purpose as required by R.C. 2923.24(B)(2).
The result of this, according to appellant, is that the state must demonstrate circumstances which indicate that the item was intended for criminal purpose. See R.C. 2923.24(B)(3); State v.Anderson (1981), 1 Ohio App.3d 62. Appellant points out that there was no testimony at trial that he actually used the screwdriver to commit any crime.
It is permissible for a jury to draw inferences from the facts presented to them. State v. Palmer (1997), 80 Ohio St.3d 543,561, citing Hurt v. Charles J. Rodgers Transportation Co.
(1955), 164 Ohio St. 329. The weight given to an inference is a question for the trier of fact and will not be disturbed unless it is such that reasonable minds could not reach such a conclusion.Id. at paragraph four of the syllabus.
The witnesses from the Owens-Illinois building saw appellant strike and break the gray minivan's window. They were not near enough to ascertain whether the screwdriver was used. Nevertheless, the jury may take note that automobile windows are hard and do not break easily. With that knowledge, the jury could reasonably infer that appellant used the screwdriver to break into the minivan. This conclusion satisfies the elements of criminal purpose found in R.C. 2923.24(B)(3). Accordingly, appellant's second assignment of error is found not well-taken.
 III.
In his final assignment of error, appellant asserts his conviction for retaining stolen property was inappropriate because the jury verdict form did not state a value of property he was alleged to have retained.
R.C. 2945.75(A)(2) requires that whenever the presence of an additional element makes for an offense of a more serious degree, the verdict shall state either the degree of the offense of which the defendant is found guilty or such additional elements are present. If this is not the case, the guilty verdict constitutes a finding of guilt of the least degree of the offense charged. See State v. Smith (June 27, 1997), Lucas App. No. L-96-309, unreported.
In the present matter, however, appellant's retaining stolen property offense was enhanced, not because of the value of the merchandise involved, but because he had twice previously been convicted of theft offenses. See former R.C. 2913.02(B). Appellant stipulated to these convictions at the outset of the trial with the specific understanding that the jury would not be informed of these prior convictions. This is an appropriate tactical device which the court permitted appellant to employ and he may not now be heard to complain that it operated to his prejudice. State v. Warren (Jan. 15, 1998), Cuyahoga App. No. 71196, unreported, at 8-9.
With respect to the vandalism count, appellant argues that the evidence was insufficient to demonstrate that he was the one who vandalized or stole property from the construction site. Specifically, appellant contends that video taped pictures of him in the construction office on the weekend the break-in and damages occurred do not actually show him vandalizing anything. Additionally, appellant points out, the testimony was that there had been a total of nine break-ins at this location in June and July and there was, "* * * no clear indication of the total amount taken or damaged each time * * *."
R.C. 2909.05(B)(1)(b) defines an offense of vandalism wherein any damage to property which is necessary to the owner's trade or business occurs "[r]egardless of the * * * amount of the damage done." Appellant was photographed in a secured area at a time the contractor's tools were damaged and stolen. There is sufficient evidence for the jury to find he was he was responsible for that damage.
Accordingly, appellant's third assignment of error is found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
CONCUR.