OPINION
Defendant-appellant, Jerry E. Garlinger, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of breaking and entering and one count of possessing criminal tools.
According to the state's evidence, in the early morning of December 20, 2000, Cynthia Norton was awakened by noises that came from outside her apartment. Norton looked outside her window to investigate; she saw two individuals across the street, and a door of a nearby garage forced open to allow entry. Although a street light lit the area where the break in occurred, Norton could not identify the two individuals, one of whom entered the garage while the other stood near a fence.
Norton called police while a friend, who previously had been asleep on the couch, stood watch at the window. After calling police, Norton returned to the window and observed that the person she earlier saw enter the building now had exited it and was talking with the person who had been standing by the fence. The same person Norton earlier saw go into the building reentered it. The person again exited the building, carrying what looked like a box. When police arrived at the scene, Norton pointed to where the individuals were. After realizing police were coming, the person set the box down and both individuals fled.
According to testimony by Officer Peter Vanderbilt, on arriving at the garage he observed two males standing by an open door: defendant was approximately ten feet away from the door while the other suspect was immediately next to the door. After they saw the police, defendant and the other suspect fled. Police apprehended defendant and the other suspect a short time later. Shortly after defendant's arrest, police conducted a detailed search of defendant and discovered a screwdriver in defendant's left rear pocket.
While investigating the crime scene, police found a small tool box just outside the doorway to the garage. The door to the garage had been kicked in and pry marks were around the door knob area. According to the owner of the garage, the garage was used for storage, and only he had access to it.
By indictment, defendant was charged with one count of breaking and entering in violation of R.C. 2911.13(A) and one count of possessing criminal tools in violation of R.C. 2923.24. By a jury verdict, defendant was convicted of both charges. The trial court sentenced defendant to twelve months incarceration on count one and twelve months incarceration on count two, with the sentences to be served concurrently. The trial court also ordered defendant to pay seventy-five dollars in restitution to the crime victim. Defendant timely appeals, and assigns two errors:
FIRST ASSIGNMENT OF ERROR
 THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THAT APPELLANT COMMITTED THE OFFENSES OF BREAKING AND ENTERING AND POSSESSING CRIMINAL TOOLS.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT IMPROPERLY IMPOSED THE MAXIMUM ALLOWABLE SENTENCE OF IMPRISONMENT IN VIOLATION OF STANDARDS SET FORTH IN R.C. 2929.14(C).
In his first assignment of error, defendant contends the state presented insufficient evidence to establish defendant committed the offenses of (1) breaking and entering, and (2) possessing criminal tools.
Because defendant challenges his conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, rehearing denied,62 Ohio St.3d 1410; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported. A conviction based on legally insufficient evidence is a denial of due process. State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, reconsideration denied, 79 Ohio St.3d 1451; see, also, Tibbs v. Florida (1982), 457 U.S. 31, 45. Moreover, retrial is barred if a reversal is based on a conviction supported by legally insufficient evidence. Thompkins, supra, at 387; see, also, Tibbs, supra, at 41, 47.
R.C. 2911.13(A) proscribes any person, by force, stealth, or deception, from trespassing in an unoccupied structure with purpose to commit in it any theft offense as defined in R.C. 2913.01, or any felony. "[B]reaking and entering cannot be committed without a criminal trespass." State v. Murphy (1983), 9 Ohio App.3d 248, 250. R.C. 2911.21, defining criminal trespass states: "No person, without privilege to do so, shall do any of the following: [k]nowingly enter or remain on the land or premises of another[.] * * * '[L]and or premises' includes any land, building, structure, or place belonging to, controlled by, or in custody of another, and any separate enclosure or room, or portion thereof."
Here, the state presented evidence that the suspect with defendant at the garage entered the unoccupied structure and removed a box from it. Defendant, however, contends the state presented no evidence he trespassed in the garage. The state responds by asserting that even if defendant personally did not trespass, sufficient evidence was adduced to demonstrate that defendant aided and abetted the breaking and entering: (1) defendant's conversation with the other suspect during the commission of the crime, (2) defendant's positioning as a look-out, (3) defendant's possession of a screwdriver that could be used as a prying instrument, and (4) defendant's flight from the scene with the other suspect. See State v. Pruett (1971), 28 Ohio App.2d 29, 34; State v. Shepherd (July 17, 1990), Franklin App. No. 89AP-828, unreported, dismissed,56 Ohio St.3d 707.
The state, however, did not request a jury instruction concerning complicity, and as a result, the trial court did not instruct the jury on complicity. Even after the jury began deliberations and inquired about the element of trespass, the state failed to raise the issue of complicity and the case was submitted to the jury solely on defendant's actions as a principal offender.
Because the jury was not instructed on complicity, but found defendant guilty of breaking and entering, the issue resolves to whether sufficient evidence supported defendant's conviction as the principal offender. Here, the state presented no evidence that defendant trespassed in the garage. Norton, a state witness, did not identify defendant as the person who broke into the garage. Although she observed one individual enter the garage several times, she could not identify defendant as that individual. Moreover, Officer Vanderbilt, a police officer who observed defendant at the garage, testified that when he first arrived at the scene defendant was about ten feet away from the doorway; defendant fled after seeing police. Because no evidence was presented that defendant himself trespassed in the garage, defendant's conviction as a principal offender for the offense of breaking and entering is not supported by legally sufficient evidence.
R.C. 2923.24(A) addresses the crime of possessing criminal tools and states: "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." The 1973 Legislative Service Commission Commentary to R.C.2923.24 notes that "[i]tems which are commonly used for criminal purposes but which also have legitimate purposes, such as a wire pick, screwdriver, or pry bar, must be possessed under circumstances indicating a criminal purpose in order to establish a violation."
Defendant cites to State v. Anderson (1981), 1 Ohio App.3d 62 in support of his contention that little testimony connected defendant's screwdriver to the crime of possessing criminal tools. In Anderson, an off-duty police officer observed two defendants as they stood in front of a parked vehicle that had the hood raised as though the vehicle were disabled. As the officer drove past the vehicle, he observed one of the defendants proceed to an underground public garage in the vicinity of the parked automobile. The officer suspected the defendants were engaged in criminal activity, contacted police by telephone, returned within five minutes to the parked car, and observed both defendants emerging from the garage carrying wheel covers. The two defendants placed the wheel covers in the vehicle and drove away. The officer then directed police, who arrived within minutes, to follow the fleeing car. Police subsequently recovered the wheel covers and two tire irons from the vehicle.
In Anderson, the court reversed a conviction for possessing criminal tools because the state failed to prove the tire irons were possessed with criminal purpose. The Anderson court, however, also noted, "[i]f the defendant or co-defendant or both had been seen using the tire irons to remove the wheel covers or carrying the tire irons to or from the scene of the theft, we could have a different case." Id. at 64. Here, the circumstances are different. Police observed defendant as he fled from the crime scene, arrested defendant shortly after he fled, and recovered a screwdriver from defendant at the time of arrest. After returning to the crime scene, police observed pry marks around the door knob area of the garage door that were made by an instrument such as a screwdriver. Based on these facts, the jury could reasonably choose to disbelieve defendant's explanation that he had used the screwdriver to work on his disabled van. See, also, State v. Robinson (Mar. 2, 1989), Cuyahoga App. No. 54709, unreported, jurisdictional motion overruled, 45 Ohio St.3d 710
(trial judge as factfinder could find beyond a reasonable doubt that screwdriver recovered from defendant's gym bag was possessed with a criminal purpose after disbelieving defendant's explanation); State v. Hardin (1984), 16 Ohio App.3d 243, paragraph two of the syllabus (questioning the Anderson decision and noting "[t]he purpose with which a person does an act is determined from the manner in which it is done, the means used, and all other facts and circumstances in evidence"). Defendant's contention that his conviction for possessing criminal tools was based on insufficient evidence is not well-taken. Accordingly, we sustain defendant's first assignment of error regarding his conviction for breaking and entering, but overrule it regarding his conviction for possessing criminal tools.
In its judgment entry, the trial court sentenced defendant to the maximum sentence of twelve months on each count, with the sentences to be served concurrently. While the conviction for breaking and entering is reversed in accordance with our disposition of defendant's first assignment of error, defendant's second assignment of error challenges the trial court's maximum sentence for his conviction for possession of criminal tools.
The Ohio Supreme Court in State v. Edmonson (1999), 86 Ohio St.3d 324, acknowledged a public policy disfavoring maximum sentences except for the most deserving offender, stating that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." Id. at 328, quoting R.C.2929.14(C). (Emphasis sic.) "[T]he record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. While R.C.2929.14(C) itself does not require that the trial court state its reasons for imposing the maximum sentence, R.C. 2929.19(B)(2)(d) does. See, also, State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30, unreported. Thus, the trial court was required not only to make the requisite findings under R.C. 2929.14(C), but also to state its reasons, as required under R.C. 2929.19(B)(2)(d). State v. Legg (Mar. 7, 2000), Franklin App. No. 99AP-574, unreported.
At the sentencing hearing, the trial court recounted defendant's criminal history and found "there is a substantial likelihood of reoffending," but the trial court did not find defendant posed the "greatest likelihood of committing future crimes." See R.C. 2929.14(C). The state contends that even after Edmonson, talismanic words are not required and the trial court used equivalent language in rendering its sentence. See State v. Smith (Mar. 20, 2001), Franklin App. No. 00AP-829, unreported. The statute, however, "requires that the trial court find, as relevant to the recidivism element of R.C. 2929.14(C), that defendant posed the greatest likelihood of committing future crimes." State v. Hill (Sept. 26, 2000), Franklin App. No. 99AP-1342, unreported. The trial court's finding falls short of the requisite finding required under R.C. 2929.14(C). Accordingly, defendant's second assignment of error is sustained.
Having sustained in part and overruled in part defendant's first assignment of error, and having sustained defendant's second assignment of error, we affirm in part and reverse in part the judgment of the trial court and remand this matter to the trial court for resentencing on the jury's verdict finding defendant guilty of possession of criminal tools.
Judgment affirmed in part and reversed in part; case remanded for resentencing.
TYACK, P.J., and LAZARUS, J., concur.