The STATE of Ohio, Appellee,

v.

HICKS, Appellant.

[Cite as *State v. Hicks,* 186 Ohio App.3d 528, 2009-Ohio-5302.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22911.

Decided Oct. 2, 2009.

John J. Danish, Dayton Prosecuting Attorney, and Stephanie L. Cook, Assistant Prosecuting Attorney, for appellee.

Turner Law Office, L.L.C., and Gregory Turner, for appellant.

BROGAN, Judge.

{¶ 1} Jerry Hicks appeals from his conviction and sentence following a bench trial on one count of possession of criminal tools.

{¶ 2} In his sole assignment of error, Hicks contends that the trial court erred in overruling his Crim.R. 29 motion for judgment of acquittal and then finding him guilty. This argument challenges the legal sufficiency of the evidence to sustain his conviction. See *State v. Crump*, Montgomery App. No. 22862, 2009-Ohio-4110, 2009 WL 2487987, ¶ 11.

{¶ 3} "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" (Citations omitted.) *State v. Crowley*, Clark App. No. 2007 CA 99, 2008-Ohio-4636, 2008 WL 4183964, ¶ 12. The statute under which Hicks was convicted, R.C. 2923.24(A), provides: "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶ 4} The lone witness at trial was Dayton police officer Paul Harris. He testified that he observed Hicks walking down Edmund Street around 4:00 a.m. on July 21, 2008. Harris watched from inside a police cruiser while Hicks kept peering over his shoulder at the officer, who was half a block away. Hicks then approached a house on the corner of Edmund Street and Maryland Avenue. Harris watched as Hicks went to a side door and acted like he was knocking on it. No one responded. Hicks dropped a white bag when he saw Harris's cruiser

stop beside the house. The officer proceeded to speak to Hicks, who acted "hesitant" and "jumpy." During the conversation, Hicks admitted having a warrant for his arrest. Harris testified that he believed the warrant was for burglary.

{¶ 5} After being handcuffed, Hicks claimed to have approached the house to visit "a buddy" whose name he did not know. Hicks also claimed that he was out "junking" or going through dumpsters and trash to retrieve recyclables. Harris examined the white bag Hicks had dropped. Inside he found a flashlight with tape over the lens, which resulted in lower light emission. He also found a pair of pliers and a magnet. When describing the size of the bag, Harris indicated that it was large enough to hold a stereo. The bag did not contain any recyclable materials.

{¶ 6} Following Harris's testimony, defense counsel moved for a judgment of acquittal, claiming that the state had presented no evidence that Hicks intended to use the white bag and its contents criminally. The trial court overruled the motion and then found Hicks guilty.

{¶ 7} On appeal, Hicks reiterates his argument that evidence of criminal intent is lacking. He attributes his nervousness and inability to remember his buddy's name to his knowledge of the outstanding warrant. Hicks also contends that the items he was carrying in the white bag were consistent with junking, which Officer Harris admitted is legal provided no trespassing occurs. While acknowledging that the circumstances might be suspicious, Hicks insists that the state did not prove, beyond a reasonable doubt, that he had the purpose to use the items in the white bag criminally.

{¶ 8} For its part, the state points out that under R.C. 2923.24(B)(2) possession of an item "specially adapted for criminal use" constitutes prima facie evidence of criminal purpose. The state suggests that Hicks's possession of a flashlight with a tape-covered lens is prima facie evidence of criminal purpose under R.C. 2923.24(B)(2). The state additionally cites R.C. 2923.24(B)(3), which provides that possession of an item "commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use," is prima facie evidence of criminal purpose. The state claims that Hicks's possession of the white bag containing the flashlight, pliers, and a magnet constituted prima facie evidence of criminal purpose under R.C. 2923.24(B)(3). Finally, the state contends that Hicks did not rebut the inference of criminal purpose that arose under R.C. 2923.24(B).

{¶ 9} Upon review, we find legally sufficient evidence to support Hicks's conviction for possession of criminal tools. Reviewing the evidence in a light

most favorable to the prosecution, the trial court could have found the essential elements of R.C. 2923.24(A) proven beyond a reasonable doubt.

{¶ 10} The record supports a finding that Hicks's flashlight had been "specially adapted for criminal use" by covering the lens with tape to reduce the light emission. Cf. *State v. Robinson* (Oct. 24, 1985), Cuyahoga App. Nos. 49501, 49518, and 49577, 1985 WL 8499 (finding that a defendant's possession of a flashlight with a darkened lens and other evidence supported theft and burglary convictions); see also *People v. Waln* (1988), 169 Ill.App.3d 264, 120 Ill.Dec. 407, 523 N.E.2d 1318, 1322 ("Kelley stated that in burglaries, the flashlights used by burglars are often taped around the top to keep the light beam from spreading out and being seen"); *State v. Kusgen* (Mo.App.2005), 178 S.W.3d 595, 598–599 (noting that evidence of criminal purpose included the defendant carrying "a flashlight that had been wrapped in black electrical tape, which had apparently been done to dim the light so that it would be less detectable"); *State v. Karlin* (1989), 151 Wis.2d 557, 445 N.W.2d 58 (Table, text in Westlaw No. 88–0767–CR, 88–1737–CR, 1989 WL 100089) (reasoning that the defendant's possession of various items, including "a flashlight with the corners taped to cut down the amount of light," was relevant to his intent to steal); *People v. Nichols* (1971), 33 Mich.App. 63, 189 N.W.2d 865, 867 (finding that intent to steal a truck could be inferred from evidence that included "[s]everal flashlights with their ends taped to provide narrow beams"). Therefore, mere possession of the altered flashlight constituted prima facie evidence of criminal purpose under R.C. 2923.24(B)(2). The trial court was not required to accept defense counsel's unlikely assertion that Hicks had covered the lens with tape as a courtesy to avoid bothering others while junking. The trial court reasonably could have concluded that Hicks did not rebut the state's prima facie evidence of criminal purpose under R.C. 2923.24(B)(2). Moreover, a defendant who possesses multiple items may be convicted if one of the items qualifies as a criminal tool under the statute. *State v. Hegler* (Dec. 20, 1979), Cuyahoga App. No. 39840, 1979 WL 210608. Therefore, we find legally sufficient evidence to sustain Hicks's conviction based on his possession of the altered flashlight.

{¶ 11} In the interest of completeness, we briefly will address the state's alternative argument that Hicks's possession of the items in the white bag constituted prima facie evidence of criminal purpose under R.C. 2923.24(B)(3) because those items commonly are used for criminal purposes, and Hicks possessed them under circumstances indicating that they were intended for criminal use. We note that the state presented no testimony about the items in the bag commonly being used for criminal purposes. Absent such evidence, we decline to apply R.C. 2923.24(B)(3). See, e.g., *State v. Sanders*, Summit App. No. 23504, 2007-Ohio-2898, 2007 WL 1696963, ¶ 13 ("The State presents prima facie

evidence of criminal purpose if it provides evidence that an item is 'commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use'"); *State v. Hayley* (Dec. 2, 1999), Cuyahoga App. No. 74718, 1999 WL 1084274 ("At no time did the state's witnesses testify that a pager is commonly used for criminal purposes * * *"); *State v. Mcgruder* (Aug. 11, 1982), Hamilton App. No. C–810734, 1982 WL 8675 ("The record discloses insufficient evidence to establish that the tea was a substance commonly used for criminal purposes").

{¶ 12} But even if Hicks's possession of the white bag and its contents did not constitute prima facie evidence of criminal purpose under R.C. 2923.24(B)(3), the state nevertheless established criminal purpose beyond a reasonable doubt. See *State v. Anderson* (1981), 1 Ohio App.3d 62, 64, 1 OBR 342, 439 N.E.2d 450 (recognizing that the state still can prove criminal purpose even when the statutory inferences provided by R.C. 2923.24(B) do not apply); *State v. Keckler*, Hardin App. No. 6–07–07, 2007-Ohio-4489, 2007 WL 2472339, ¶ 18 ("Unless any of the subsections in R.C. 2923.24(B) apply, the state was required to prove beyond a reasonable doubt that Keckler had criminal purpose"); *State v. Johnson*, Cuyahoga App. No. 82904, 2004-Ohio-745, 2004 WL 308110, ¶ 37 ("Since a bicycle does not fall within one of the circumstances which constitute 'prima facie evidence of criminal purpose' under R.C. 2923.24(B), the state was required to prove, beyond a reasonable doubt, that appellant possessed or had control over this bicycle with purpose to use it criminally, without the benefit of the inference provided by this statute").

■ {¶ 13} Even without relying on the statutory inferences, the record contains legally sufficient evidence to support a finding, beyond a reasonable doubt, that Hicks possessed the white bag and its contents with the purpose to use the items criminally. Hicks's possession of a darkened flashlight and other tools at 4:00 a.m. is somewhat indicative of criminal purpose. The inference of criminal purpose is strengthened by his suspicious behavior, which included nervously approaching what appeared to be a random house, pretending to knock on the door, and then discarding the white bag when Harris approached. Hicks's assertion that he was visiting "a buddy," whose name he did not know, defies credibility and adds to the inference of criminal purpose. His alternative claim that he was out junking, while plausible, is only slightly more believable given the circumstances and time of day. Although the trial court could have accepted defense counsel's explanations, it was not required to do so. Viewing the evidence in a light most favorable to the state, we find legally sufficient evidence to support Hicks's conviction for possession of criminal tools.

{¶ 14} The assignment of error is overruled, and the judgment of the Dayton Municipal Court is affirmed.

Judgment affirmed.

DONOVAN, P.J., and GRADY, J., concur.

GRADY, Judge, concurring.

{¶ 15} A person is not criminally liable unless he engaged in conduct prohibited by a section of the Revised Code, and "[t]he person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense." R.C. 2901.21(A)(1) and (2). The burden of proof beyond a reasonable doubt regarding both matters is on the prosecution. R.C. 2901.05(A).

{¶ 16} The culpable mental state required for a violation of R.C. 2923.24(A) is a purpose to use an article in the defendant's possession "criminally." "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

{¶ 17} R.C. 2923.24(B)(1)-(3) identifies three matters which, when proved, constitute prima facie evidence of the criminal purpose required by R.C. 2923.24(A). Prima facie evidence means evidence which is sufficient to establish a fact, unless rebutted, and that standing alone and unexplained would support the conclusion for which it is introduced. 42 Ohio Jurisprudence 3d, Evidence and Witnesses, Sections 5, 86.

{¶ 18} The 1973 Legislative Service Commission comment to R.C. 2923.24 regarding paragraph (B) of that section states: "To aid enforcement, the section spells out the evidence establishing prima-facie violations involving items having a high liability for criminal use. Each prima-facie case is, of course, rebuttable, and is based on evidence from which a criminal purpose in possessing certain items can reasonably be inferred."

{¶ 19} In order to rely on R.C. 2923.24(B)(1)-(3) to prove a violation of R.C. 2923.24(A), the state has the burden to offer some evidence that demonstrates the criminal nature or character of the article or articles possessed. Otherwise, there is nothing for the accused to rebut, and requiring the defendant then to do that is an improper transfer of the burden of proof. Furthermore, any finding the court then makes in accordance with R.C. 2923.24(B) is necessarily intuitive, instead of one based on evidence that satisfies the burdens of proof that section imposes.

{¶ 20} The state offered no evidence demonstrating the criminal nature or character of the articles in the bag defendant carried. Therefore, I do not find that R.C. 2923.24(B) is satisfied. I would nevertheless affirm defendant's conviction and sentence for a violation of R.C. 2923.24(A) on a finding that the totality of the evidence presented was sufficient to prove, beyond a reasonable doubt, that defendant possessed the articles in the white bag he carried with a purpose to use one or more of them criminally, for the reasons the majority opinion explains.