[Cite as *State v. Dorsey*, 2012-Ohio-4043.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110623 |
| | | TRIAL NO. 10CRB-35308-B |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| DIONTE DORSEY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed from is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  September 7, 2012

*John Curp*, City Solicitor, *Charles Rubenstien*, City Prosecutor, and *Marva K. Benjamin*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Michaela M. Stagnaro*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1}    Defendant-appellant Dionte Dorsey appeals from the judgment of the Hamilton County Municipal Court convicting him of possessing criminal tools, in violation of R.C. 2923.24(A).  He argues that the trial court erroneously admitted other-acts testimony over his objection and that his conviction was not supported by sufficient evidence.  We find merit to both arguments, and we reverse the trial court's judgment.

### Background Facts

{¶2}    Around midnight on October 27, 2010, Cincinnati Police Officer Ron Schultz received a radio broadcast concerning the theft of food items from a nearby United Dairy Farmers ("UDF") store.  According to Schultz, Dorsey and his younger brother, who were walking along the street two or three blocks away, matched the description of the suspects.  Schultz testified that as he approached he observed Dorsey throw on the ground food items, such as a bag of chips, and a roofing hammer.  Schultz then arrested Dorsey for possessing criminal tools.[1]  When questioned, Dorsey admitted to throwing the food items, but he denied throwing the hammer.  After a search, Schultz found two screwdrivers in Dorsey's pocket.  Dorsey declined to answer Schultz's inquiry as to why he had the screwdrivers.

{¶3}    At trial, Schultz testified that in many of the automobile thefts that he had investigated through the years, a screwdriver had been shoved into the stripped steering column and used as the key, and a hammer had been found on the floor board.  Schultz also testified, over Dorsey's objection, that he had had contact with Dorsey sometime in the summer of 2010, when he had "charged" him with receiving

---

[1] Dorsey was also charged with theft, but that offense is not at issue on appeal.

2

stolen property for being in a stolen automobile with a stripped steering column. The officer admitted on cross-examination that he had not observed Dorsey breaking into an automobile on October 27, 2010, that he was not aware that an automobile theft had been attempted or had occurred on that date, and that he had never known anyone to use a screwdriver or hammer to steal food from a store shelf.

{¶4}    Schultz was the only witness who testified at trial.    After his testimony, Dorsey moved for an acquittal.  The trial court overruled Dorsey's motion and convicted him of possessing criminal tools.   Dorsey then appealed.

{¶5}    In two assignments of error, Dorsey argues that the trial court erred by admitting Schultz's challenged testimony, and that his conviction for possessing criminal tools was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶6}    Before addressing the merits of the appeal, we note that the state did not file an appellate brief.  App.R. 18(C) gives us the discretion to "accept [Dorsey's] statement of the facts and issues as correct and reverse the judgment if [Dorsey's] brief reasonably appears to sustain such action."

### Possessing-Criminal-Tools Statute

{¶7}    Both of Dorsey's assignments of error implicate the evidence to sustain a conviction for possessing criminal tools.  R.C. 2923.24, possessing criminal tools, states:  "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."  The statue requires "both control of the article and the specific intention to use the article to commit a crime." *State v. McDonald*, 31 Ohio St.3d 47, 49, 509 N.E.2d 57 (1987).

{¶8}    To more easily establish the element of criminal intent, the legislature has enacted the following statutory presumptions, which may be rebutted:

(B) Each of the following constitutes prima-facie evidence of criminal purpose:

(1) Possession or control of any dangerous ordnance, or the materials or parts for making [a] dangerous ordnance, in the absence of circumstances indicating the dangerous ordnance, materials, or parts are intended for legitimate use;

(2) Possession or control of any substance, device, instrument, or article designed or specifically adapted for criminal use;

(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use.

R.C. 2923.24(B).

{¶9} A criminal purpose in possessing certain items may "reasonably be inferred" from this evidence. *See* 1974 Committee Comment to R.C. 2923.24.

{¶10} Where the evidence does not fall within one of these three circumstances, the state must prove criminal purpose beyond a reasonable doubt without the benefit of the statutory inference. *State v. Anderson*, 1 Ohio App.3d 62, 64, 439 N.E.2d 450 (1st Dist.1981). *See also State v. Hicks*, 186 Ohio App.3d 528, 2009-Ohio-5302, 929 N.E.2d 461, ¶ 12 (2d Dist.). "Mere suspicion" of a criminal intent is not enough. *Anderson* at 64.

**Other-Act Evidence**

{¶11}  In his first assignment of error, Dorsey argues that the trial court erred by admitting Schultz's testimony involving other acts that occurred in the summer of 2010.  He argues the testimony was neither probative of his intent on October 27, 2010, nor was it admitted for any purpose other than an attempt to show Dorsey's general propensity to commit crimes, a purpose specifically prohibited by Evid.R. 404(A) and R.C. 2945.59.

{¶12}  Evid.R. 404 codifies the common law with respect to other-act evidence.  *State v. Morris*, ____ Ohio St.3d ____, 2012-Ohio-2407, ____ N.E.2d ____, syllabus.   Evidence of other acts, crimes, or wrongs is not admissible to prove the character of a person to show acts in conformity on a particular occasion, but it may be admissible for other purposes, such as those listed in Evid.R. 404(B) and R.C. 2945.59.  *See* Evid.R. 404(A) and (B);  *State v. Griffin*, 142 Ohio App.3d 65, 71-72, 753 N.E.2d 967 (1st Dist.2001).  Other bad acts may be admissible "to establish circumstantially either an element of the crime or a material fact at issue." *Griffin* at 71.

{¶13}  The trial court must strictly construe this evidence against admissibility.  *See State v. DeMarco*, 31 Ohio St.3d 191, 194, 509 N.E.2d 1256 (1987).  The other-act evidence must also meet the other requirements of admissibility set forth in the rules of evidence.  *See* Evid.R. 403; Evid.R. 402.

{¶14}  We apply an abuse-of-discretion standard in our review of a trial court's decision to admit other-act evidence under Evid.R. 404(B).  *Morris*, ____ Ohio St.3d ____, 2012-Ohio-2407, ____ N.E.2d ____, syllabus.  The Ohio Supreme Court has declared that "[t]he term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or

unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). And the court has defined an "unreasonable" decision as one that is not supported by a "sound reasoning process." *AAAA Enterprises, Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), cited in *Morris*, at ¶ 14.

{¶15} In applying the abuse of discretion standard, we are not free to substitute our judgment for that of the trial judge. *See Morris* at ¶ 14.

{¶16} At trial, the state argued that the other-acts testimony was probative of Dorsey's intent to use the hammer and screwdrivers for a criminal purpose—an element of the offense of possessing criminal tools—and, therefore, admissible as an exception set forth in Evid.R. 404(B). The trial court implicitly agreed and admitted the evidence over Dorsey's objection.

{¶17} But the challenged testimony was not probative of the statutory inference set forth in R.C. 2923.24(B)(3), because it did not demonstrate the circumstances under which Dorsey possessed the hammer and screwdrivers in late October 2010.

{¶18} Further, the testimony involved Dorsey's mere presence in a stolen automobile with a stripped steering column one-to-four months before Schultz found him in possession of the hammer and screwdrivers. Dorsey was not "charged" with automobile theft at that time and there was no testimony that anyone, including Dorsey, had used a screwdriver or hammer to steal that automobile. At best, the state's theory of relevance involved an impermissible inference upon an inference. *See State v. Cowans*, 87 Ohio St.3d 68, 78-79, 717 N.E.2d 298 (1999). As such, it was not admissible to demonstrate Dorsey's intent or for any of the purposes recognized

in Evid.R. 404(B), especially without any nexus between those facts and Dorsey's possession of the articles in late October 2010.

{¶19} From the record before us, we are unable to discern a sound reasoning process to support the trial court's admission of Schultz's testimony. Therefore, we conclude that the court's decision to admit the challenged testimony was unreasonable and an abuse of discretion. *See, e.g., State v. Huff*, 145 Ohio App.3d 555, 566, 763 N.E.2d 695 (1st Dist.2001); *State v. Zamorski*, 141 Ohio App.3d 521, 525, 752 N.E.2d 288 (1st Dist.2000); *State v. Echols*, 128 Ohio App.3d 677, 698-699; 716 Ohio App.3d 728, (1st Dist.1998); *Eckert v. Jacobs*, 1st Dist. No. C-910445, 1992 Ohio App. LEXIS 5920.

{¶20} And, the error was not harmless, because the trial court must have relied on the challenged testimony to determine Dorsey's criminal intent, in the absence of other evidence on that element. Accordingly, we sustain the first assignment of error.

### Sufficiency and Weight-of-the-Evidence Claims

{¶21} In his second assignment of error, Dorsey argues that his conviction was not supported by sufficient evidence. Alternatively, he contends that if the record contains sufficient evidence, then his conviction was against the manifest weight of that evidence.

{¶22} On a sufficiency-of-the-evidence review, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶23} In this case, the state attempted to establish a prima-facie case under the statutory inference set forth in R.C. 2923.24(B)(3). That statutory inference would apply if the state established (1) that the hammer or screwdrivers were commonly used for criminal purposes and (2) that Dorsey possessed the article under circumstances indicating that he intended to put it to that criminal use. *See, e.g., State v. Sanders*, 9th Dist. No. 23504, 2007-Ohio-2898, ¶ 15*; State v. Castle*, 9th Dist. No. 19324, 1999 Ohio App. LEXIS 4726; *State v. Colon*, 9th Dist. No. 91CA005003, 1992 Ohio App. LEXIS 1536; *State v. Liddell*, 8th Dist. No. 37134, 1978 Ohio App. LEXIS 9838.

{¶24} Although Schultz testified that screwdrivers and hammers are commonly used to commit automobile theft, there was no evidence at trial linking Dorsey to an actual or planned automobile theft in October 2010, near the time of possession.

{¶25} The state argued the circumstances demonstrated Dorsey's intent to use the screwdrivers and hammer criminally because Schultz had once "charged" Dorsey with receiving stolen property, after finding him in a stolen automobile with a stripped steering column. Further, Dorsey had not explained why he was carrying those items when Schultz arrested him in October 2010.

{¶26} But as discussed under the first assignment of error, Dorsey's mere presence in a stolen automobile with a stripped steering column sometime in the summer of 2010 was not probative of his intent to use the screwdriver or hammer in late October 2010 to commit automobile theft. The trial court should not have admitted this testimony for that purpose. And Dorsey did not have to rebut the inference that can arise under R.C. 2923.24(B)(3), by explaining his possession of

the articles, until after the state had presented prima-facie evidence of his criminal purpose, which it failed to do.

{¶27}   Because the state failed to present the necessary facts to establish prima-facie evidence of a criminal purpose, the state had to prove the element of criminal purpose without the benefit of the statutory inference.

{¶28}   Ultimately, the evidence was not sufficient to permit reasonable minds to conclude beyond a reasonable doubt that Dorsey possessed the hammer and screwdrivers with purpose to use them to commit any crime.   As noted by Dorsey, the offense occurring near the time of Dorsey's possession was the theft of food items from a shelf at UDF, and Schultz's testimony provided no reasonable basis to conclude that Dorsey used or attempted to use the articles to commit that offense.

{¶29}   Without this evidence, the state failed to establish that Dorsey possessed criminal tools.   Accordingly, we sustain the second assignment of error on the ground that the conviction was not supported by sufficient evidence.

### Conclusion

{¶30}   The trial court erred by allowing Shultz to testify to his prior contact with Dorsey where the testimony involved a prior bad act and was not admissible under Evid.R. 404(B).   Further, the state failed to present facts necessary to gain the benefit of the statutory inference of criminal intent and otherwise failed to establish that Dorsey possessed a hammer and two screwdrivers with purpose to use them criminally.   We reverse the judgment of conviction, and we discharge Dorsey from further prosecution for possessing criminal tools.

Judgment reversed and appellant discharged.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.