[Cite as *Stichtenoth v. Motz*, 2013-Ohio-382.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JACK R. STICHTENOTH, | : | APPEAL NO. C-120364 |
| | | TRIAL NO. DR0602810 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MINDY R. MOTZ, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  February 8, 2013

Jack R. Stichtenoth, pro se.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Presiding Judge.**

{¶1}   Plaintiff-appellant Jack Stichtenoth has appealed from the trial court's entry purging the contempt of defendant-appellee Mindy Motz.  Because we find that the trial court erred in purging Motz's contempt for failure to pay Stichtenoth attorney fees and back taxes, we vacate the trial court's purge of contempt with respect to those fees.

{¶2}   Stichtenoth and Motz were married in 1998 and have three children.  The parties were divorced in 2009.  Per the divorce decree and the incorporated separation agreement, Motz was ordered to pay child support to Stichtenoth.  She was additionally required to refinance or sell the Papa John's pizza franchise owned by the parties and to pay Stichtenoth $50,000.  The separation agreement further required Motz to pay back taxes for the parties' 2007 state and federal income taxes owed.

{¶3}   In June of 2011, Stichtenoth filed a motion for contempt against Motz.  The motion alleged that Motz had failed to pay the required child support arrearages, had failed to pay Stichtenoth the required back taxes, had failed to pay Stichtenoth's attorney fees as ordered by the court, and had failed to pay Stichtenoth $50,000 for his interest in the Papa John's pizza franchise.  A magistrate found Motz in contempt for the failure to pay child support, the failure to pay attorney fees in the amount of $2,300, and the failure to pay back taxes in the amount of $3,824.78.  But the magistrate dismissed the portion of Stichtenoth's motion concerning the payment of $50,000 for Stichtenoth's interest in the Papa John's franchise.  And the magistrate

held that Motz could purge the contempt by completely paying all debts due to Stichtenoth.

{¶4} On March 1, 2012, the matter appeared before the trial court for review and imposition of sentence. The trial court found that Motz had paid approximately $10,000 towards her child support arrearages, and it purged her contempt with respect to that fee. The trial court continued the matter with respect to the attorney fees and back taxes. On April 24, 2012, the trial court purged Motz's contempt with respect to both of these debts after finding that future performance by Motz was impossible.

{¶5} Stichtenoth has appealed from the trial court's order purging Motz's contempt, raising five assignments of error for our review. We first address Stichtenoth's fifth assignment of error, as it is dispositive of this appeal.

{¶6} In his fifth assignment of error, Stichtenoth argues that the trial court erred in purging Motz's contempt. We first consider the propriety of the trial court's purge of Motz's contempt with respect to the payment of child support arrearages. As stated, the trial court purged this portion of Motz's contempt after finding that Motz had paid approximately $10,000 toward her child support debt. An appellate court will not reverse a contempt order absent an abuse of discretion by the trial court. *Wolf v. Wolf*, 1st Dist. No. C-090587, 2010-Ohio-2762, ¶ 4. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Dorsey*, 1st Dist. No. C-110623, 2012-Ohio-4043, ¶ 14, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶7}     On this record, we cannot find that the trial court abused its discretion in purging Motz's contempt for the failure to pay child support arrearages. Motz paid a large portion of the child support debt owed to Stichtenoth. It was within the trial court's discretion to modify the set purge and accept Motz's payments as sufficient to purge her contempt. *See Heary v. Heary*, 8th Dist. No. 78201, 2001 Ohio App. LEXIS 1304, *5 (March 22, 2001). We hold that the trial court's decision purging Motz's contempt for the failure to pay child support arrearages was not arbitrary, unreasonable, or unconscionable.

{¶8}     We next consider the trial court's purge of Motz's contempt for the failure to pay Stichtenoth the required back taxes and attorney fees. The trial court entered this purge order after finding that future payment by Motz was impossible. In a contempt proceeding, once an obligor is found in contempt, the burden shifts to the obligor to establish an inability to pay. *Blazic v. Blazic*, 1st Dist. Nos. C-040414 and C-040440, 2005-Ohio-4417, ¶ 21. Here, Motz did not meet her burden of establishing an inability to pay.

{¶9}     Prior to the contempt motion at issue in this case, Motz had been found in contempt on an earlier motion in 2010. Following a hearing on that motion, both the magistrate and trial court specifically held that Motz did not have an inability to pay when finding her in contempt. During the contempt proceedings that are the subject of this appeal, Motz presented no new evidence to the trial court regarding a change in circumstances in her ability to pay. Motz argued to the court that her income had been reduced, and, consequently, that her child support payment had been reduced. But she presented no testimony or evidence sufficient to

support a finding of a change in her circumstances that resulted in an inability to pay.

{¶10} The trial court abused its discretion in purging Motz's contempt for failure to pay attorney fees and back taxes, and we vacate its purge order with respect to these debts. But we affirm the trial court's purge of Motz's contempt with respect to her payment of child support arrearages. We accordingly sustain in part and overrule in part Stichtenoth's fifth assignment of error. Stichtenoth's first four assignments of error are rendered moot by our resolution of this assignment of error.

{¶11} In summary, we vacate the trial court's entry purging Motz's contempt for failure to pay attorney fees and back taxes. This cause is remanded for the trial court to conduct further proceedings in accordance with this opinion.

Judgment affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT** and **CUNNINGHAM, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.